OHIO FARMERS INS. CO., APPELLEE, *v.* McNEIL, APPELLANT.

(No. 8183—Decided October 22, 1956.)

Mr. *Edward J. Utz,* for appellee.
Mr. *Fred L. Hoffman,* for appellant.

*Per Curiam.* This appeal on questions of law from the Court of Common Pleas presents three questions of law.

The trial court considered a demurrer to have been filed to the amended cross-petition of the defendant.

1. The defendant claims that the demurrer searches the record, and that the amended petition thereby became subject to a demurrer which should have been sustained, because the allegations of the amended petition indicate that the cause of action against the defendant had been split, and the several holders of such causes of action were not all made parties.

In the amended petition it is alleged that the plaintiff was the insurer of one Raymond Adams who became involved in a collision of automobiles, one driven by Adams, the other by defendant, that Adams suffered property damage in the sum of $1,139.02, by reason of the negligence of the defendant, that the

plaintiff agreed to reimburse Adams for his loss in excess of $50, and that it paid on behalf of Adams the sum of $1,089.02 "and became subrogated to *the claim* of said Adams by assignment."

On demurrer to the amended petition, the plaintiff is entitled to every fair reasonable construction and intendment of the language employed by the plaintiff. A reading of the amended petition leaves only one such reasonable construction and that is that *the claim*, the entire claim of Adams against the defendant, was assigned, the plaintiff being thereby subrogated to the amount of any claim which Adams may have had against the defendant for damage to his automobile.

A motion to make definite and certain might have established a split claim. As the language stands, there is nothing to indicate such a situation. The defendant, therefore, fails in his claim that the amended petition is subject to demurrer.

2. The second question involves an entry of the trial court, from which this appeal was taken, sustaining a demurrer of the plaintiff to the amended answer and cross-petition of the defendant. In this entry it is recited:

"This cause coming on further to be heard on the demurrer heretofore filed by the plaintiff to defendant's amended cross-petition, and the court being fully advised in the premises, upon consideration thereof finds said demurrer well taken and hereby grants the same."

It is noted here that the cause originated in the Municipal Court of Cincinnati, and that in that court certain proceedings occurred resulting in the sustaining of a demurrer to the amended answer and cross-petition of the defendant. The defendant took an appeal to the Court of Common Pleas, which, it is said, determined that it appeared the cross-petition contains a prayer for a sum in excess of the jurisdiction of the Municipal Court, and it had lost jurisdiction of the case under the provisions of Section 1901.22, Revised Code. The proceedings on appeal to the Court of Common Pleas do not appear in the record before this court. However, it does appear that an amended petition and an amended answer and cross-petition were filed in the Municipal Court, and that the amount of damages sought in the latter pleading is $5,000. Under the pro-

visions of Section 1901.22, Revised Code, the Municipal Court thereupon lost all jurisdiction of the case after the filing of the amended answer and cross-petition, in fact after the filing of the original answer and cross-petition, which also prayed for judgment of $5,000, and was required forthwith to certify such case to the Court of Common Pleas, which, it appears, it did, for in the entry of certification it set aside its entry sustaining the demurrer to the answer and cross-petition of defendant.

No demurrer or motion considered as a demurrer seems to have been filed in the Court of Common Pleas and addressed to such amended answer and cross-petition, at least none appears in the record. However, as the entry in the Court of Common Pleas recites that the amended cross-petition was dismissed upon such a demurrer, and no point is made of the lapse in proceedings in the Court of Common Pleas following the filing of the answer and cross-petition in the Municipal Court, this court will consider that a general demurrer was filed to such amended answer and cross-petition raising the question of whether such amended answer and cross-petition states a cause of action against the plaintiff insurance company. Proper procedure would require pleadings, if any, to have been filed after certification to the Court of Common Pleas, following the filing of the original answer and cross-petition in the Municipal Court, since the Municipal Court lost jurisdiction immediately upon the filing of the *answer and cross-petition* in the Municipal Court containing a prayer for a sum in excess of the jurisdiction of that court.

Thus, the principal question is reached, whether the defendant may in a cross-petition seek recovery of his losses against the plaintiff insurance company, regardless of the amount involved.

The defendant relies upon Section 2307.05, Revised Code, which provides in part: "When a party asks that he may recover by virtue of an assignment, the right of counterclaim, and *defense*, as allowed by law, shall not be impaired." (Emphasis added.)

In Section 2309.16, Revised Code, effective September 22, 1955, a counterclaim is defined:

"A counterclaim is a cause of action existing in favor of

one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or arising out of contract or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted."

Now, it is manifest that the defendant at no time had a cause of action against the plaintiff insurance company for any sum. He could not have sued the insurance company for his losses by reason of the collision in which the plaintiff had no part. No cause of action existed against the plaintiff in favor of defendant at any time. It does not even appear that the plaintiff insured Adams for other than collision insurance, that is, Adams' own loss to his car. It does not appear plaintiff also insured against liability for Adams' injury to others. So the question of plaintiff's secondary liability to the defendant under Section 3929.06, Revised Code, is not remotely involved.

The defendant, of course, would have a setoff against any recovery by the insurance company based on Adams' claim and assignment to plaintiff. But the defendant goes further and in his amended cross-petition seeks much more than the amount sought to be recovered by plaintiff.

By buying the entire claim of the assured, the plaintiff did not thereby open the door to an unlimited claim of the defendant for his damages by reason of the acts of the assured. Sections 2307.05 and 2309.16, Revised Code, must be construed together. Obviously, the defendant would have no right of action against the plaintiff, because plaintiff had assumed to insure Adams against his loss by reason of damage to *his* automobile. If defendant could not maintain such action against the plaintiff, then he may not assert his claim as a counterclaim, but is relegated to a defense, which under Section 2307.05, Revised Code, is also protected.

We cannot accede to the proposition that the plaintiff by buying the entire claim of its assured thereby rendered itself liable for any or all claims that might be rendered against its

assignor-assured. The rights of the defendant are fully protected when he is permitted any defense he may have against the claims of the assured.

3. A motion was made in the Court of Common Pleas by the defendant to consolidate the instant action with one for personal injuries, involving the collision in question, brought by the assured against the defendant. Had the matter been presented to this court sitting in the trial, we would have granted such motion for consolidation, but we cannot find abuse of discretion in the trial court in failing to sustain such motion.

We find adversely to the defendant on all his claims of error and, therefore, affirm the judgment of the trial court sustaining the demurrer to the amended cross-petition, and remand the cause to the trial court for further proceedings according to law.

*Judgment accordingly.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.